SOUND SELLERS, INC.
vs.
William KAITZ

No. 253

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

February 17, 1981

**Lester M. Gold** for the plaintiff.
**Richard S. Efron** for the defendant.

Present: Lee, P.J., Rider, J., Staff, J.

## OPINION

**STAFF, J.** This is an appeal from what purports to be a judgment entered on damages assessed by the trial court after the defendant failed to file answers to further interrogatories in an action begun in the Norfolk Superior Court, No. 120187, remanded to the District Court of East Norfolk, in which the plaintiff seeks to recover for rents allegedly paid by plaintiff to defendant in the amount of $1,400.00, and for goods allegedly sold and delivered to the defendant in the amount of $1,084.60. The report does not make clear whether a hearing was held on the question of damages. It seems unlikely, since the docket entries indicate that damages were assessed on the day the default entered.

The answer is a denial of all averments of monies owed by defendant to plaintiff and a counterclaim for goods sold and delivered by defendant to plaintiff in the amount of $1,300.00, for rents owed by plaintiff to defendant for occupation of extra space not contained in lease, and for conversion by plaintiff of certain goods belonging to defendant in the amount of $2,970.00, making the total counterclaim $4,270.00.

A default judgment was entered for the plaintiff in the sum of $3590.70 for defend-

ant's failure to file answers to interrogatories. However, no action was taken on defendant's counterclaim.

The pertinent reported facts follow:

Original interrogatories propounded by the plaintiff were answered seasonably by the defendant.

On October 26, 1977 plaintiff filed further interrogatories and requests for admission of facts to be answered by the defendant.

On December 21, 1977 defendant received notice from court allowing thirty more days for defendant to file answers to the above, and that judgment would enter upon re-application for final judgment by plaintiff.

On February 1, 1978 plaintiff filed re-application for entry of judgment with an affidavit stating that the amount of $2,284.60 is a sum certain and that the claim is for a sum which can by computation be made certain.

The court, on March 8, 1978, entered judgment for the plaintiff of $3,590.70 for damages and $11.50 for costs for a total of $3,602.20.

This case appears to be within the ambit of Dist./Mun. Cts. R. Civ. P. 54(b).[1] Since the counterclaim was not acted upon, a final judgment could not be entered in the absence of the "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Because the power of the clerk under Dist./Mun. Cts. R. Civ. P. 58(a) is "[S]ubject to the provisions of Rule 54(b)," it appears to us that the judgment was improvidently entered and therefore must be vacated. See, J.B.L. Construction Co. v. Lincoln Homes Corp., ____ Mass. ____ (1980)[a]; Weld v. Trafton, ____ Mass. ____ (1980)[b].

Upon the vacating of the judgment, the questions raised in the report and by the motion to dismiss report become moot. This is because these questions all deal with post-judgment issues.

Since this case must go back to the trial court, and since it is unclear as to how damages were ascertained, we deem it appropriate to discuss the question of whether the clerk may assess damages (after the counterclaim has been acted upon), this issue having been briefed and argued by counsel.

Rule 55(b)(1), Dist./Mun. Cts. R. Civ. P., provides in pertinent part that the clerk shall enter judgment by default when the plaintiff's claim "is for a sum certain or for a sum which can by computation be made certain."[2] The plaintiff's claim is in two counts, one, for rents paid and two, for goods sold and delivered. Our discussion deals with whether the claim for goods sold and delivered is a sum certain. In our opinion, it is not.

If the action were one on a promissory note or on an agreement in which the amount due was agreed on it would be a different matter.

The case of **Webber v. Johnson**, 342 Mass. 455, 458 (1961), is instructive. The claim in this case was brought on a declaration in set-off.[3] The statute then in effect provided that only certain actions could be the subject of set-off, and contained a further requirement that the claim must be for an amount which was liquidated or could be ascertained by calculation. Although the language of the statute differs somewhat from that of the rule with which we are concerned, the meaning of both is sufficiently similar so as to make the cited case analogous. The action was on a building contract, the plaintiff being the builder and the defendant the owner. The defendant owner filed a declaration in set-off in part for labor and materials paid for by him to complete the contract. The Court held that, even though the claim was for a

---

[1] "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . ."

[a] 1,980 Mass. App. Ct. Adv. Sh. 335.

[b] 1980 Mass. App. Ct. Adv. Sh. 1691.

[2] It should be noted that Dist./Mun. Cts. R. Civ. P. 55(b) differs from Mass. R. Civ. P. 55(b), in that under the latter the clerk may enter judgment only if the defendant has been defaulted for failure to appear and the other criteria met.

[3] Chapter 232 of the General Laws was repealed by St. 1975, c. 377, §111.

specified amount, this was not a liquidated amount or an amount ascertainable by calculation, and thus the claim could not be prosecuted by means of this procedural device.

In the case of **Ace Grain Co. v. American Eagle Fire Insurance Co. of New York,** D.C., N.Y., 11 F.R.D. 364 (1951), which was a decision involving Fed. R. Civ. P. 55(b)(1), a rule which language is identical in pertinent part to the language of Dist./Mun. Cts. R. Civ. P. 55(b)(1), the Court struck down a clerk-entered default judgment based upon findings of a marine surveyor hired by the defendant as to a cargo loss, plus agreed-on attorney's fees, stating in its decision that the marine surveyor's findings represent an opinion as to value and that the defendant had a right to a judicial determination as to the extent of the damages claimed by plaintiff.

Wright and Miller, in **10 Federal Practice and Procedure** (1973), § 2683, state that the plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. The plaintiff also must establish that the amount requested is reasonable under the circumstances.

In the instant case, we note that judgment was entered in the amount of $3,590.70, even though the total claim was but for $2,484.60. This is troublesome for several reasons: first, if the claim is a sum certain in the amount of $2,484.60, the judgment should have been for that amount rather than $3,590.70; and second, Dist./Mun. Cts. R. Civ. P. 54(c) provides that a judgment by default may not exceed the amount prayed for in the demand for judgment.

Thus it would appear that, after proper notice to the defendant, a hearing should be conducted by a judge on the question of damages.

The questions raised by the report and the motion to dismiss report being moot, the case is remanded to the trial court for further action in accordance with this opinion.

Lee, P.J.
Rider, J.
Staff, J.