Gelinas, J.
Appellant Lenox Oil Company, Inc. (defendant) urges reversal of a trial court justice’s denial of its motion to vacate judgment of default,[1], dated May 5, 1994, claiming that the judgment is void for failure of proper service under Dist/Mun. Cts. R. Civ. R, Rule 4(c).
We affirm the trial court’s decision denying the motion to vacate judgment of default and dismiss the report (the second report) but vacate the judgment amount and order hearing under Dist./Mun. Cts. R. Civ. R, Rule 55(b)(2) on the issue of damages.[2] We further dismiss defendant’s report of denial of motion to remove default, dated January 24,1994 (the first report).
Peter Zorach (plaintiff), claiming defects in work done by Lenox Oil Company, Inc., d/b/a Stop-A-Leak, in applying waterproofing to his basement, consulted an attorney. The attorney initiated proceedings by mailing, on January 24,1991, a letter under G.L.c. 93 A. The letter was addressed and mailed to Lenox Oil Company, Inc., d/b/a Stop-A-Leak, Route 102, P.O. Box 854, Lee, MA 01238. Defendant through its first attorney sent a response dated February 26, 1991, again under G.L.c. 93A.
Daniel Hunter, president of defendant Lenox Oil Company, Inc., is also president of Payless Oil Company, Inc. On October 1,1991, some 8 months after the c. 93A demand letter and some seven months after the defendant’s response, Daniel *12 Hunter filed with the Lenox Town Clerk a certificate indicating that he and his wife were conducting business as “Payless Oil, Inc. a corporation of Massachusetts conducting business under the trade name Lenox Oil, (at) number 28 Crystal Street, Lenoxdale, MA 01242.” At about the same time counsel for defendant advised plaintiffs counsel that defendant was no longer in business and had no assets from which plaintiff could collect a judgment.
Again at about the same time Joseph Avanzato, then manager of defendant Lenox Oil Company, Inc. (the defendant) was transferred to the payroll of Payless Oil, Inc. as manager thereof; the Employer’s Quarterly Federal Tax Return of defendant shows no employee wages paid to anyone for the quarter beginning October 1,1991 and ending December 31,1991.
On October 27,1992 plaintiff filed the complaint in this action in the Northern Berkshire Division. According to documents, affidavits and memoranda filed in the case settlement discussions continued after October 27,1992 to no avail; defendant retained new counsel, again with sporadic settlement discussion continuing.
In March of 1993 summons in the case was addressed to defendant corporation at 28 Elm Street, Lenoxdale, MA. Service was delayed due to plaintiffs difficulty in locating a party to be served. The Deputy Sheriff made return indicating he had made service “by delivering to and leaving with the within named defendant Lenox Oil Company — Joseph Avanzato, Manager and Person in Charge, in-hand service was made at 29 Elm Street, Lenoxdale, Massachusetts” on March 5,1993.
In an affidavit filed in connection with these motions Mr. Avanzato, in addition to averring that he received service of summons and complaint at 28 Crystal Street, Lenoxdale, MA, the place of business of Payless Oil Company, Inc., d/b/a Lenox Oil Company, made oath that he began his term of employment with Pay-less Oil Company, Inc. in September of 1991, and further that Payless Oil Company, Inc. advertises in the local service telephone book using the Lenox Oil Company name. Mr. Avanzato further avers that he left the employ of defendant in September of 1991. Mr. Avanzato accepted the documents from the sheriff. In his return, the deputy sheriff suggests service at 28 Elm Street, Lenoxdale, MA while the uncontroverted affidavits suggest service actually made at 28 Crystal Avenue, Lenoxdale, MA Service of summons was made March 5,1993, and was returned to court on March 31, 1993 at which time plaintiff requested default judgment. Default judgment entered April 2, 1993, totaling $11,957.41, with notice of judgment sent that day. Some nine months later defendant filed motion to remove default, initiating the current round of motions, pleadings and reports.
A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law or (2) filing such complaint and an entry fee with such clerk, Dist./Mun. Cts. R. Civ. R, Rule 3. In the case of a domestic corporation, service of the summons and a copy of the complaint shall be made by delivering a copy of the summons and complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any, Dist./Mun. Cts. R. Civ. R, Rule 4(d)(2).
If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion. Dist./Mun. Cts. R. Civ. R, Rule 4(j).
As noted, service was made upon Joseph Avanzato. Until October of 1991 Mr. Avanzato was in fact the person in charge of defendant’s business, and he continued to occupy that position in defendant’s successor Payless Oil Co., Inc., d/b/a Lenox Oil Co. The successor corporation in fact adopted the business name of *13 defendant In the statement of facts set forth in the first report, assented to by counsel for the defendant, the trial judge in that report found (a) that the defendant’s counsel on September 30, 1991 had advised plaintiffs counsel that the defendant was no longer in business and had no assets and (b) that plaintiffs counsel conducted a diligent inquiry as to the then location of defendant.
In his motion to remove the default judgment filed as an exhibit with the first report, defendant states that failure to answer timely was due, not to failure of service but to inadvertence because settlement negotiations were underway. Although judgments entered without proper service are void and must be vacated as a matter of law, Dist/Mun. Cts. R. Civ. R, Rule 60(b) (4), see Kane & Kane, Inc. v. Norwood Racquetball Development Corporation, 192 Mass. App. Div. 189, Furley v. Sprague, 374 Mass. 419, 372 N.E.2d 1298 (1978), Koran et al v. Carroll et al, 3 Mass. App. Ct. 225, 638 N.E. 2d 936 (1994), where (1) a defendant is aware of litigation at an early stage, (2) the motion to vacate is unseasonably late, and (3) the defendant has failed to provide a convincing and detailed outline of his alleged defense, refusal to allow a motion to vacate judgment for failure of service is discretionary, and will not be disturbed absent a showing of abuse of that discretion, Atlas Elevator Co. v. Stasinos, 4 Mass. App. Ct. 285, 345 N.E.2d 921 (1976), Koran et al v. Carroll et al, supra, Dist/Mun. Cts. R. Civ. R, Rule 60(b). On the facts of this case we find that although the trial judge made no specific findings of fact, the evidence clearly supposes a finding of all three conditions. There was no abuse of discretion and affirm the trial court’s decision.
Although not raised in either report, we note that service was made more than 90 days after the filing of the complaint and that judgment by default entered in favor of the plaintiff for $10,290.00 plus $1,000.00 in attorney’s fees in addition to prejudgment interest and costs.
In fulfilling our duty to consider legal questions not raised but attendant to those reported, Bushnell v. Bushnell, 393 Mass. 462, 472 N.E.2d 240, (1984), we determine first that plaintiff has from the reports and exhibits established good cause for delay in service beyond the 90 day period so that the mandatory dismissal provision of Dist/Mun. Cts. R. Civ. R, Rule 4(j) is not applicable and that the judgment amount entered under Dist/Mun. Cts. R. Civ. R, Rule 55(b) (1) must be vacated.
With regard to the judgment amount based on plaintiff’s complaint and statement of damages, the judgment amount of $11,957.41 appears to include at least a doubling of damages and $1,000.00 in attorney’s fees under plaintiff’s G.L.C. 93A claim. Judgment under Dist/Mun. Cts. R. Civ. R, Rule 55(b) (1) may enter only for a sum certain or for a sum which can by computation be made certain. Merely requesting a specific amount in the complaint or statement of damages does not fulfill the sum certain requirement Kansky v. Harrison, 398 Mass. 1007, 499 N.E.2d 831 (1986), Sound Sellers, Inc. v. Kaitz 1981 Mass. App. Div. 36, and a defendant may be able to raise issues dealing with liability after default, especially as regards damages under G.L.c. 93A, Productura e Importadora de Papel, S.A de C. V. v. Fleming, 376 Mass. 826 (1978), PrudentialBache Securities, Inc. v. Commissioner of Revenue, 412 Mass. 243 (1992); Plasko v. Orser, 373 Mass. 40; Multi-Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass. App. Ct 333 (1988); Jensen v. Jordan, 1994 Mass. App. Div. 82. Accordingly, we vacate the judgment amount entered under Dist/Mun. Cts. R. Civ. R, Rule 55(b) (1) and order hearing on the issue of damages under Dist/Mun. Cts. R. Civ. R, Rule 55(b) (2) within 90 days from entry of this decision with judgment to be entered forthwith for plaintiff upon such determination.
The first report and the second report are dismissed, judgment of default is to stand, the judgment amount is vacated and the case is returned to the Northern Berkshire Division for action consistent with this opinion.

Under this same Appellate Division case number, defendant claimed a report from a different trial justice’s denial of a motion to remove default, entered January 24,1994 (the first report). No briefs were filed and on the date scheduled for argument before the Appellate Division neither parly appeared. During the pendency of that report defendant filed its motion to vacate judgment of default for failure to make proper service, the denial of which forms the basis of the second report. We infer from the lack of briefs and appearance that the parties consensually abandoned the first report, and, there being no objection registered, we treat the current report properly before us with the same Appellate Division number. In reaching our decision on the second report we rely in part on information concerning the case contained in the first report, which is a part of the record in the case and, with respect to matters contained therein, had the assent of counsel.

Although not settled and allowed until February 15,1995, the report is properly before us pursuant to Rule 64 of the Dist./Mun. Cts. Rules of Civil Procedure as the judicial action subject of the report occurred on May 5, 1994, some seven weeks'prior to the effective date of Dist./Mun. Cts. R. A. D. A, Rule 8 which now governs appeals to the District Court Appellate Division.