Aguiar, J.
This appeal raises the issue of whether it was error for the motion judge to refuse to vacate the default judgment against the defendant where the defendant’s attorney was served with process but did not have authority from the defendant to accept service of process.
We find there was error.
In July 1977, Beaver Brook Farms, Inc., a Massachusetts corporation, as seller, and Towers Realty Investors, Inc., a Massachusetts corporation, as buyer, executed a purchase and sale agreement for a parcel of land in East Bridgewater. This suit alleged that defendant Towers had failed to perform in accordance with the purchase and sale and sought delivery of the defendant’s deposit. The complaint correctly alleged that the principal place of business of the defendant to be 547 Main Street, Brockton, MA
On March 9,1998, a purported return of service on defendant by the Plymouth County Sheriff’s Department was filed. According to the Sheriff’s return, service in the action was made on February 3,1998, as follows: “By delivering in hand to Attorney Richard DeMont, agent, person in charge at the time of service for defendant, c/o Sims and Sims, RC., 1115 West Chestnut Street, Brockton, MA.”
No answer or other pleadings or appearance were filed by defendant in the action, and a default judgment was entered against the defendant on April 3,1998.
Defendant promptly moved to vacate the default judgment on April 8,1998 and it was denied on April 17,1998. A motion for reconsideration was also denied on June 5,1998.
It is undisputed that prior to the commencement of the action, William H. Sims, a Brockton lawyer, advised counsel to plaintiff that Sims would be representing defendant in connection with the dispute between the parties. It is similarly undisputed that Sims did not in that letter or elsewhere represent to counsel to plaintiff that Sims was authorized to accept service of process for defendant.
In fact, as the uncontroverted affidavits of defendant and Sims make clear, Sims was never authorized to accept service on behalf of defendant.
Finally, it is undisputed that the only service on defendant claimed by plaintiff in support of its default judgment was the purported service by the Sheriff on a lawyer in Sims’ office.
Dist./Mun. Cts. R. Civ. R, Rule 4(d) sets forth in relevant part in subparagraph 2 the requirements for service on a domestic corporation like defendant as follows:
*125 “ (a) by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or (b) by delivering such copies to any other agent authorized (1) by appointment or (2) by law to receive service of process.”
None of these requirements was met in this case.
Service was not made at the principal place of business of defendant, and hence clause (a) was unsatisfied. Nor did defendant ever appoint its counsel as agent to accept service upon it, and hence clause (b) (1) is likewise inapplicable here.
Plaintiff contends that because defendant had retained counsel in connection with its dispute with plaintiff prior to the commencement of any litigation, that counsel was authorized by law as the agent of defendant to receive service pursuant to clause (b) (2) of Rule 4(d) (2). We disagree. In Hanzes v. Flavio, 234 Mass. 320, 327 (1920), the Supreme Judicial Court stated, “a court acquires no jurisdiction over a defendant where an attorney without authority accepts service of process and enters appearance for him in court.”
Even if the rule of law as to service on counsel were otherwise, vacation of the default judgment here would still be called for because the service purportedly made by the Sheriff on defendant’s counsel as recited in the return of service was itself defective, and thus ineffective to confer jurisdiction over defendant. The type of service required by Rule 4 to be made upon an agent of a corporation is the type of service that would be required if the agent were the defendant.
In Conant v. Sherwin L. Kantrovitz, P.C., 29 Mass. App. Ct. 998 (1990) (rescript), the Appeals Court ruled that service under Rule 4(d) (2) upon a domestic corporation by serving an officer or a managing or general agent was properly made by leaving process at the officer or agent’s last and usual place of abode, as if the officer or agent were an individual defendant being served pursuant to Rule 4(d)(1). Here, however, the Sheriff purported to serve defendant’s supposed agent Sims by leaving it with someone else at Sims’ place of business. As a matter of law, such service is insufficient. Because no personal jurisdiction was ever obtained, defendant’s motion to vacate admitted of no exercise of judicial discretion.
“Where a judgment is void because of a failure to perfect service and a corresponding lack of personal jurisdiction, Rule 60(b) (4) mandates that it be vacated and no discretion is afforded to the trial court.” Stamas v. Lavelle, 1993 Mass. App. Div. 101, 103.
For all of the above reasons, we find there was error and the default judgment entered against the defendant in the action is hereby vacated and the action is remanded to the Brockton Division of the District Court Department for a trial on the merits.