COMMONWEALTH *vs.* MALCOLM F. HICKS.

No. 98-P-2047.

Suffolk. May 15, 2000. - October 11, 2000.

Present: ARMSTRONG, C.J., GILLERMAN, & GELINAS, JJ.

*Practice, Criminal,* Waiver of appellate rights, Instructions to jury. *Waiver.*
*Constitutional Law,* Waiver of constitutional rights. *Homicide. Malice.*

A criminal defendant waived certain appellate issues regarding the Com-
monwealth's failure to disclose the loss of exculpatory evidence before
trial and trial counsel's ineffective handling of that matter, where the
defendant could have but did not raise the issues on direct appeal.
[215-217]
This court concluded that, at a murder trial, any error in the judge's instruc-
tion on manslaughter was harmless, where there was no evidence that
entitled the defendant to a manslaughter instruction. [217-218]
There was no merit to a criminal defendant's claim that the judge at his
murder trial instructed the jury that the defendant had committed assault
and battery or that the judge's instruction mandated a presumption of
malice from the assault and battery. [218-219]

INDICTMENT found and returned in the Superior Court on
September 14, 1967.

A motion for a new trial, filed on February 17, 1998, was
heard by *Elizabeth B. Donovan, J.*

*Richard L. Goldman* for the defendant.

*Paul B. Linn,* Assistant District Attorney, for the
Commonwealth.

ARMSTRONG, C.J. The defendant appeals from the denial of his
second motion for a new trial, filed nearly thirty years after his
conviction in 1968 of second degree murder. In a brutal attack,
the victim was kicked in the stomach, probably multiple times,
tearing loose his bowel attachment, leading to bleeding in the
abdominal cavity and death. See *Commonwealth* v. *Hicks,* 356
Mass. 442, 444 (1969). The defendant was represented by new
counsel in his direct appeal and again in his first motion for a

new trial, filed in 1973. The present new trial motion was filed pro se (the defendant was represented by counsel for purposes of oral argument in this court) and raises new issues. A Superior Court judge, not the trial judge, denied the motion without a hearing on the grounds that issues not raised in the direct appeal had been waived.

That was a proper disposition of the claims that could have been raised earlier: in particular, that the Commonwealth failed to disclose the loss of exculpatory evidence prior to trial and that trial counsel rendered ineffective assistance concerning that evidence; and that the trial judge instructed erroneously on reasonable doubt and joint venture. The judge was correct in ruling that those issues had been waived by the defendant's failure to raise them at the earliest possible time — in the direct appeal (the first two issues) or in the new trial motion in 1973 (the latter two issues). The defendant had been tried and convicted and had appealed, under the provisions of G. L. c. 278, §§ 33A-33G, as then in effect. See *Commonwealth* v. *Hicks*, 356 Mass. at 443. The principle applicable to cases tried thereunder is that a "defendant [must] present all his claims of error at the earliest possible time," a practice that "aid[s] in the proper allocation of limited legal and judicial resources." *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981). Subject to an exception for grounds not generally known and available at the time of earlier proceedings including proceedings post appeal, the failure to raise a claim of error at the first opportunity constitutes a waiver of the claim. See *id.* at 367 & n.6 (claims known but not raised in earlier proceedings not "new" for purposes of § 33E).[1] See discussion in *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 741-744 (1986). Compare *Lykus* v. *Commonwealth*, 432 Mass. 160, 162-163 (2000); *Rodwell* v. *Commonwealth*, 432 Mass. 1016, 1017-1018 (2000). With regard to waiver of the argument on the reasonable doubt instruction (see note 2, *infra*), see *Commonwealth* v. *Burnett*, 428 Mass. 469, 472-474 (1998), for a discussion of cases foreshadowing the holding in *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128-130

---

[1] The principle of finality applicable to cases tried and appealed under §§ 33A-33G, as then in effect, if not already applicable implicitly to criminal cases generally, see *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973), was expressly made applicable to all new trial motions by the adoption of rule 30(c)(2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 901 (1979).

(1977). "The rule of waiver 'applies equally to constitutional claims which could have been raised, but were not raised' on direct appeal or in a prior motion for a new trial." *Commonwealth* v. *Watson,* 409 Mass. 110, 112 (1991), quoting from *Commonwealth* v. *Deeran,* 397 Mass. 136, 139 (1986).[2]

Two of the issues now raised, however, should have been considered by the judge, because the theories on which the defendant's arguments are premised had not been sufficiently developed at the time of his direct appeal or of his first motion for a new trial. See *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 251 (1980); *Commonwealth* v. *Adrey,* 397 Mass. 751, 753 (1986); *Commonwealth* v. *Bowler,* 407 Mass. 304, 307 (1990); *Commonwealth* v. *Amirault,* 424 Mass. 618, 639 (1997). The principles on which the arguments are grounded were set forth in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and *Sandstrom* v. *Montana,* 442 U.S. 510 (1979).

The motion was heard by a judge other than the trial judge, who retired many years ago. We are in as good a position as the motion judge to consider the defendant's arguments. No good purpose would be served by a remand.

1. *Manslaughter instruction.* The defendant argues that the judge's instruction on manslaughter shifted to the defendant the burden of proving provocation. "[I]n any case tried before our decision in *Commonwealth* v. *Rodriguez,* [370 Mass. 684, 691-692 (1976)], 'this court will review the constitutional adequacy of the instructions to the jury as to the burden of proof . . . where the evidence adequately raises the issues of self-defense or provocation, even though the defendant addressed no objections or exceptions to that issue.' " *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 842 (1980), quoting from *Commonwealth* v. *Collins,* 374 Mass. 596, 599 (1978). The defendant in this case addressed no objections or exceptions to the charge on

[2]Even if waiver were not to apply to the two issues not raised in the 1973 motion, the defendant could not have prevailed on those issues. The use of examples from jurors' personal lives in the instruction on reasonable doubt, viewed in the context of the instruction as a whole, was not reversible error. See *Commonwealth* v. *Smith,* 381 Mass. 141, 145-146 (1980). Accord *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 128-132 (1984). Likewise, the joint venture instruction was not rendered inadequate by the absence of an express instruction that the accessory must share with the principal the requisite intent for the crime (see *Commonwealth* v. *Elliot,* 430 Mass. 498, 499 [1999]), because the judge instructed specifically to the effect that *each* defendant must be found to have acted with malice to be convicted of murder.

provocation; however, his counsel was not in that respect deficient. There was in the case simply no evidence of relevant mitigating circumstances — that the killing resulted from "a sudden transport of passion or heat of blood, upon a reasonable provocation and without malice, or upon sudden combat." *Commonwealth* v. *Soaris*, 275 Mass. 291, 299 (1931), quoted with approval in *Commonwealth* v. *Berry*, 431 Mass. 326, 334 (2000), and *Commonwealth* v. *Little*, 431 Mass. 782, 786 (2000). See *Commonwealth* v. *Walden*, 380 Mass. 724, 727-728 (1980). There was only evidence of an argument between the defendant and his companion and the victim; but "a heated oral argument . . ., without more, does not constitute adequate provocation." *Commonwealth* v. *Masello*, 428 Mass. 446, 449 (1998). There was nothing in the evidence, in other words, that entitled the defendant to a manslaughter instruction, and the jury found the defendant guilty of murder. Any error in giving a manslaughter instruction was harmless. See *Commonwealth* v. *Caines*, 41 Mass. App. Ct. 812, 817-818 (1996). The defendant has no cause to complain.[3]

2. *Mandatory presumption of malice.* The defendant argues that the judge instructed the jury that the defendant (a) had committed assault and battery on the victim and (b) that malice was implied from the assault and battery. If that characterization were correct, the judge's instruction would be erroneous under the *Sandstrom* principle. See *Commonwealth* v. *Callahan*, 380 Mass. 821, 822-826 (1980). However, the characterization is *not* correct. The judge's statement that there was evidence of an assault and battery did not tell the jury that they had to *find* an assault and battery, particularly where it was followed im-

---

[3] If we were to reach the issue, we would rule that the judge's instructions, read in their entirety, did not shift the burden of proof on provocation. In this case, as in *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 842-843 (1980), the judge charged on the presumption of innocence, the Commonwealth's burden of proving every essential element of the offense, proof beyond a reasonable doubt, and the requirement that the defendant receive the benefit of any reasonable doubt. He stated that the burden of proof remains with the government as to the degree of the crime "as fully as upon the . . . question . . . whether the crime itself was committed." See *id.* at 842-843. He explained the concept of provocation, but did not repeat the Commonwealth's burden of proof when he charged on provocation. However, he "was not constitutionally required to do so in the circumstances." *Id.* at 846. As in *Fitzgerald*, "[n]othing in [the judge's] remarks on provocation was inconsistent with his statements that the Commonwealth bore the burden of proof." *Id.* at 846. The same was true of the judge's supplemental instructions.

mediately by an instruction defining assault and battery and one that told the jury that the burden of proof was on the government to prove the degree of the crime as well as whether the crime itself was committed. Earlier the judge told the jury that he had no opinion regarding the facts, no right to express any such opinion, and that it was the jury's recollection of the evidence that counted, not his own.

As to the alleged mandatory presumption of malice, the judge instructed the jury, in both his original and supplemental charges, that "[m]alice *can be* implied from any deliberate or cruel act against another, however sudden" (emphasis supplied). This instruction did not mandate a presumption of malice; it permitted the jury to draw the inference. Compare *Commonwealth* v. *Pierce*, 419 Mass. 28, 37-38 (1994) (instruction that malice "*may* be implied . . . in every deliberate or cruel act to another" [emphasis original] did not "reliev[e] the Commonwealth of its burden of proof on the element of malice," particularly in view of judge's correct instructions on Commonwealth's burden of proving every element of the crime).

Finally, because an instruction on manslaughter was not warranted (see section 1, *supra*), the alleged error was harmless. See *Commonwealth* v. *Medina*, 430 Mass. 800, 802-811 (2000) (instructions creating presumption of malice were harmless because evidence did not raise reasonable doubt as to killer's malice).

*Order denying motion for new*
*trial affirmed.*