Singh, J.
While operating a “loaner” car he had obtained from Hometown Auto Framingham, Inc. (“Hometown Auto”), doing business as Wellesley Mazda (‘Wellesley Mazda”), plaintiff David J. Fried (“Fried”) struck the vehicle of Samuel Grimes (“Grimes”) at a toll booth on the Massachusetts Turnpike. Fried paid $2,226.40 to Grimes in exchange for a release of liability. Fried then sued Hometown Auto and Wellesley Mazda on February 1, 2008 for knowing and wilful violations of G.L. c. 93A and “retaliation.”
On February 14, 2008, Fried served both Hometown Auto, a Massachusetts corporation, and Wellesley Mazda by certified mail, the former through its registered agent, National Registered Agents, Inc. (“NRA”), located in Boston and the latter at its Wellesley address. The record appendix contains signed return receipt cards for both named defendants. NRA’s was date stamped February 15, 2008, and Wellesley Mazda’s, February 23, 2008. No answer to the complaint was filed, and a default judgment in the amount of $6,679.20, plus interest and costs, was entered against the defendants on April 2, 2008.
*37 On April 8, 2008, Attorney Thomas T. Worboys (“Worboys”) filed his notice of appearance as counsel for the defendants, together with a motion to dismiss and for sanctions. He withdrew the motion on April 29,2008 upon discovering that a default judgment had already been entered.
On May 21, 2008, the defendants moved to vacate the default judgment[3] as void because (1) Wellesley Mazda is merely a trade name of Hometown Auto, not a separate legal entity that could be sued, and (2) as a domestic corporation, neither Hometown Auto, nor its agent, could be served properly by mail. The defendants also asserted excusable neglect. In a supporting affidavit, Joseph Shaker (“Shaker”), the president of Hometown Auto, made the following representations regarding his receipt of the summons and complaint and the circuitous route those documents followed before finally reaching Atty Worboys: (1) Shaker received notice from NRA on February 26,2008 that Fried had attempted service by mail; (2) Shaker forwarded that correspondence the next day to Hometown Auto’s insurer; (3) the insurer asked a Connecticut law firm to defend the matter; (4) on March 25,2008, having no lawyers licensed to practice in Massachusetts, the Connecticut law firm forwarded the summons and complaint to a Natick attorney, Colleen M. Canoni (“Canoni”); and (5) Canoni forwarded the summons and complaint to Worboys on April 7, 2008.
After hearing, the trial judge denied the defendants’ motion to vacate the default judgment, noting on the face of the motion that “President Shaker acknowledged receipt of papers on 2/26/08 and still no answer or other responsive pleading was filed [until] 4/ll/08.”[4]This appeal followed.
1. The defendants first argue, and Fried concedes, that the default judgment entered against Wellesley Mazda is void because Wellesley Mazda is merely a trade name of Hometown Auto, not a separate entity subject to suit. It is generally accepted that use of the designation “doing business as” does not create a separate legal entity, see, e.g., Bauer v. Pounds, 762 A.2d 499, 504 (Conn. App. Ct. 2000) (collecting cases), that may be made a party defendant. See Belson v. Thayer & Assocs., Inc., 32 Mass. App. Ct. 256, 256 n.1 (1992). In this case, Shaker asserted in an unrebutted affidavit that ‘Wellesley Mazda is not a business entity; it is a d/b/a of Hometown Auto.” Thus, Wellesley Mazda should have been granted Rule 60(b) (4) relief, and we reverse the denial of the defendants’ motion to vacate the default judgment entered against it.
2. The defendants also assert that the default judgment entered against Hometown Auto is void for lack of personal jurisdiction because of Fried’s failure to effect service of process in compliance with Mass. R. Civ. R, Rule 4.
“If a judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law, the judge must vacate it.” *38 Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). “A judge has no discretion to deny a request for relief from judgment brought under rule 60(b) (4). ...” Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 533 (1997).
Generally, proper service of process under Rule 4 is necessary not only for a court to acquire personal jurisdiction over a defendant, but also for a party to satisfy the due process requirements of notice and an opportunity to be heard. See Wang, supra 171, 172. It is clear in this case that service of process by Fried by certified mail on NRA did not constitute good service under Rule 4. As Hometown Auto is a domestic corporation with a registered agent, Fried was obligated to make service upon that corporation “by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; [or] by some person specially appointed by the court for that purpose,” Rule 4(c), “by delivering a copy of summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principle place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given.” Rule 4(d)(2). See Beaver Brook Farms, Inc. v. Towers Realty Investors, Inc., 1999 Mass. App. Div. 124, 125 (“The type of service required by Rule 4 to be made upon an agent of a corporation is the type of service that would be required if the agent were the defendant.”).
But the defense of a lack of personal jurisdiction “may be waived by conduct, express submission, or extended inaction,” Lamarche v. Lussier, 65 Mass. App. Ct. 887, 889 (2006), and noncompliance with Rule 4 may be overlooked without violating due process.[5] Regarding due process, the Appeals Court in Wang, supra, held that the plaintiffs failure to serve his amended complaint on the defendant in compliance with Rule 4 violated due process, but noted that both the pleadings and appellate briefs contained assertions that defense counsel knew of the amended complaint and engaged in a pattern of delay and evasion. Id. at 171. Citing Federal cases for the proposition that “technical deficiencies” in service may be ignored, the Court noted in dicta that “ [depending on the extent to which these or similar charges can be substantiated by admissible evidence, they might form an adequate basis for the judge to find that actual knowledge and continued participation in the litigation by [the defendant] excused [the plaintiff] from specific compliance with rule 4.” Id. See also Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995), cited in Wang, supra at 171 (“When an alleged defect in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal.”); Richardson v. Metro Health Found., 209 F.R.D. 283, 284 (D. Mass. 2002) (finding service sufficient under Federal R. Civ. P. 4 where, though the U.S. Marshals Service impermissibly served corporate defendant by certified mail, defendant had actual knowledge of process and asserted no prejudice).
*39 It is undisputed that Hometown Auto received actual notice of the lawsuit well before the entry of a default judgment against it. Unlike Wang, where the record lacked admissible evidence supporting a justification for noncompliance with Rule 4, Shaker averred in an affidavit attached to the motion to vacate default judgment that “[o]n or about February 26, 2008, I received a notice from National Registered Agents, Inc., in Boston, to the effect that Attorney Fried had attempted to serve Hometown Auto Framingham, Inc. by mail.” Further, the defendants failed to demonstrated that they were prejudiced by the technically deficient service, as they did not show that NRA would have notified Hometown Auto more quickly had process been delivered to the agent by sheriff.[6]
3. The defendants’ final argument is that the trial judge abused his discretion in denying their motion to vacate the default judgment pursuant to Mass. R. Civ. R, Rule 60(b). We do not reach the issue because we find that the default judgment was entered erroneously. The defendants first had actual notice of the complaint on February 26, 2008, making their answer due on March 17, 2008. As the defendants did not file a responsive pleading by this date, the clerk entered a default judgment on April 2, 2008. The clerk was not authorized to do so. A district court clerk may enter a default judgment only when the plaintiffs claim against a defendant is for a “sum certain or for a sum which can by computation be made certain.” Mass. R. Civ. R, Rule 55 (b) (3). That phrase has been equated with the concept of liquidated damages, which are
damages agreed upon as to amount by the parties, or fixed by operation of law, or under the correct applicable principles of law made certain in amount by the terms of the contract, or susceptible of being certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged. Unliquidated damages are those which cannot thus be made certain by one of the parties alone.
Pilgrim Pools, Inc. v. Perry, 1979 Mass. App. Div. 455, 458-459, quoting Cochrane v. Forbes, 267 Mass. 417, 420 (1929). See Jackson v. Corley, 1997 Mass. App. Div. 25, 27 (clerk not authorized to enter default judgment in claim for damages arising out of automobile accident); Maiuri v. Tagessian, 1993 Mass. App. Div. 149, 151 (damages claim for personal injuries not claim for “sum certain,” and thus clerk may not enter judgment).
Here, Fried claimed damages in his complaint resulting from the alleged G.L.c. 93A violation and retaliation. The mere fact that Fried reduced his claim for damages to a certain number does not make the number a “sum certain.” The defendants at no time agreed to any form of damages, as would be the case with liquidated damages. Nor were they in possession of any facts from which they could calculate any such damages. See Sound Sellers, Inc. v. Faite, 1981 Mass. App. Div. 36, 38 (claim for *40 goods sold and delivered not “sum certain” case). Further, on Fried’s G.L.c. 93A claim, the defendants had a right to challenge the issue of multiple damages, even after default. See Zorach v. Lenox Oil Co., 1996 Mass. App. Div. 11, 13 (“sum certain” requirement may not be met in cases where defendant may raise issues dealing with liability after default, “especially as regards damages under G.L.c. 93A”).
The clerk was authorized to enter a default pursuant to Mass. R. Civ. R, Rule 55(a). Upon such a default, the defendant would have been able to move to set aside entry of the default “[f]or good cause shown.” Mass. R. Civ. R, Rule 55(c). The reasons required to set aside a default under Rule 55(c) are far less onerous than the grounds required to vacate a default judgment pursuant to Mass. R. Civ. E, Rule 60(b). See Broome v. Broome, 40 Mass. App. Ct. 148, 152 (1996), quoting 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE §2696, at 514-515 (2d ed. 1983 & Supp. 1995) (“[I]n various situations a default entry [under Rule 55] may be set aside for reasons that would not be enough to open a default judgment.”). Under Rule 55(c), a defendant must show good cause for removing the default and a meritorious claim or defense. See Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806-807 (2002). Cf. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979) (setting forth stringent requirements for vacating default judgment under Rule 60(b)). “Although an adequate basis for the motion must be shown, any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits.” Reporters’ Notes to Mass. R. Civ. R, Rule 55.
Ordinarily, we would return the case for a determination as to whether the defendants established “good cause” under Rule 55(c). In this case, however, the motion judge has retired. Returning this case would raise the issue only before another judge unfamiliar with the case. Because the issue was presented to the judge on documentary evidence, we are in as good a position as the motion judge (or any judge on remand) to decide the issue. See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 317 n.28 (2009) (remand not necessary where appellate court in as good a position as trial court to decide issue based on documentary evidence); Commonwealth v. Hicks, 50 Mass. App. Ct. 215, 217 (2000) (where motion judge had retired and appellate court was in as good a position as motion judge to decide issue, court found no good purpose would be served by remand).
In reviewing the defendants’ submission, we note that the defendants provided an affidavit outlining the confusion caused by Fried’s improper service and explained how that confusion led to delays in responding to the complaint — ultimately, a 22-day delay in filing a responsive pleading. After learning that a default judgment had already entered, the defendants moved to vacate the judgment within 42 days. The defendants also asserted a meritorious defense, supported by case law, indicating that Fried was bound by the contract he signed in taking the loaner car, absent fraud, which Fried did not establish in his complaint. Given this showing, we find that the defendants met their burden in demonstrating good cause to set aside entry of the default.
The denial of the defendants’ motion to vacate default judgment is reversed. The case is returned to the Brookline Division for trial.
So ordered.

 In their motion to vacate the default judgment, the defendants Med to specify the subsection of Mass. R. Civ. R, Rule 60(b) under which they were moving. The substance of their motion makes clear, however, that they sought Rule 60(b) (4) or 60(b)(1) relief.

 The judge mistakenly indicated that the defendants had filed their motion to dismiss on April 11, 2008. The docket indicates that the motion was filed on April 8, 2008, but the entry date for the notation was April 11, 2008.

 "A determination whether a defendant has waived the defense of personal jurisdiction closely tracks the inquiry related to determine whether noncompliance with rule 4 can be overlooked without violating due process requirements." Wang, supra at 172.

 Given our disposition of this issue, we need not address Fried's additional argument that the defendants waived the right to contest personal jurisdiction under Mass. R Civ. R, Rule 12(g) and 12(h) (1) by failing to raise that defense in their fast Rule 12 motion, although we note that the defendants withdrew that motion before it was acted upon.