FIDELITY MUTUAL LIFE-INSURANCE CO. *v.* JOHNSON.

1. BONDS—DELIVERY—ACCEPTANCE—EVIDENCE—SUFFICIENCY.
   In an action by an insurance company on a bond given by one of its agents, evidence examined, and *held*, that the bond was never delivered or accepted, the single surety having signed with the understanding that plaintiff's general agent was also to sign, and the bond in form requiring two sureties.

2. SAME—FAILURE OF CONSIDERATION.
   Where an agent furnished a bond on the agreement of his principal to make certain advances and continue him in its employment, and the principal thereupon failed to perform as agreed, there was a failure of consideration for the bond.

Error to Lapeer; Smith, J.   Submitted April 10, 1908. (Docket No. 21.)   Decided May 1, 1908.

Assumpsit by the Fidelity Mutual Life-Insurance Company against James C. Gooch, principal, and Estella M. Johnson, surety, on a bond.   There was judgment for plaintiff on a verdict directed by the court, and defendant Johnson brings error.   Reversed, and no new trial ordered.

*Herbert W. Smith*, for appellant.

*R. L. Campbell*, for appellee.

BLAIR, J.   Suit was brought in this case by the plaintiff to recover on a bond signed by James C. Gooch as principal and Estella M. Johnson as surety.   Plaintiff, an insurance company organized and doing business under the laws of the State of Pennsylvania, through its branch office at Omaha, Neb., entered into a written contract with James C. Gooch, one of the defendants in this case, on the 7th day of May, A. D. 1906.   By the terms of this contract, the said Gooch was to work for said plaintiff, and the said plaintiff was to advance to the said Gooch $25 per week, which sum so advanced the said Gooch was to repay to the plaintiff.   This contract also provided that the said Gooch was to give plaintiff a bond with not less than two sureties.   At the time this contract was entered into, said plaintiff did not require the said Gooch to furnish this bond, but continued to make the advances of $25 per week for 10 weeks, or up to the 9th day of July, A. D. 1906, when the plaintiff refused to make any further advances to said Gooch until he should furnish a bond with two sureties as required by his contract.   This money, advanced from the 7th day of May, 1906, until the 19th day of July, 1906, is the amount sought to be recovered in this suit, with interest.

James J. Craig, of Omaha, Neb., was, at the time said Gooch entered into this contract with plaintiff, the agent of plaintiff in charge of its branch office in Omaha, Neb., and had charge of all of the agents working in that field.   Some time after the 9th day of July, A. D. 1906, the agent of plaintiff, James J. Craig, orally requested Gooch to furnish a bond with two sureties, and stated to defendant Gooch that, if he would get Mrs. Estella M. Johnson to sign his bond as one of the sureties, he would sign the bond as the other surety.   On or about the 17th day of July, 1906, Craig wrote defendant Gooch, requesting Gooch to have Mrs. Johnson sign his bond, and stating that he would also sign the same, and that, if he would furnish this bond, the plaintiff would send him the back advances of $25 per week, and continue to make him the

advances, and defendant Gooch could continue to work for plaintiff. Defendant Gooch showed the letter to Mrs. Johnson, and represented to her that Mr. Craig would sign the bond with her as the other surety as stated in his letter, and Mrs. Johnson, relying on the representations so made, signed the bond. The bond, although actually signed about July 27th, was antedated May 7, 1906. Craig did not sign the bond as agreed, but sent it to plaintiff as received from Mrs. Johnson with only her signature. The plaintiff, upon receipt of the bond, notified Craig August 10, 1906, who, in turn, notified Gooch that plaintiff would not approve of the bond, for the reason that Mrs. Johnson was not "sufficiently strong financially to qualify."

"It will therefore be necessary for Mr. Gooch to furnish another bond. * * * Also have new bond signed by two sureties. Pending receipt of new bond, we will hold one we now have."

On August 16, 1906, Mrs. Johnson's attorney made a written demand for the return of the bond. Plaintiff did not in any respect keep the agreement, which was the sole consideration for the defendants' signatures to the bond, and, although treating the bond as in nowise binding on it, coolly insisted on its binding force as to Mrs. Johnson. Plaintiff having brought suit on the bond, defendant Johnson filed a plea of the general issue with notice of fraud in obtaining, want of consideration, nondelivery, and nonacceptance of the bond. She also filed an affidavit in which she set up the principal facts that her signature was obtained by fraud, and that the bond was delivered conditionally, and was never completed. She did not formally deny in her affidavit the execution of the bond. The trial court held that want of consideration was not available under the pleadings, because the execution of the contract was not denied under oath, and defendant could not impeach the date of the bond. The court also held that there was no evidence that the bond was delivered upon condition that Craig should also sign as a surety, but, at most, upon an expectation on the part

of Mrs. Johnson and Gooch that he would so sign. Upon these grounds, the court directed a verdict for the plaintiff, and, to review the judgment entered upon the directed verdict, defendant Johnson prosecutes this writ of error.

We are of the opinion that the bond in question was neither delivered nor accepted. The blank forms of bonds filled out for Mrs. Johnson's signature contained a special notification that "not less than two sureties are required in every case," etc. Craig, an important agent of plaintiff, who required the bond before advancing any more money, was, of course, familiar with the requirement of two sureties, and in his letter to Gooch said:

"Have Mrs. Johnson sign this, and I will also do so, and I will find some place where quick business can be had, so you will again be on your feet in very short time."

Under such circumstances, Mr. Craig could not have honestly understood that Mrs. Johnson had sent this bond to him with the right to forward it to the company without his signature. He must have understood, just as Mrs. Johnson understood, that his signature was a condition precedent to delivery to the company. That the bond was repudiated, and not accepted by the company, is too plain for discussion. It is clear that the consideration for the bond wholly failed, and, whether the question was properly raised or not, it serves to characterize the unconscionable effort of the plaintiff in this case to obtain from Mrs. Johnson, under the forms of law, money to which in equity and good conscience it is not entitled. Regardless of the question of want of consideration, the bond had no vitality, and a verdict should have been directed for defendant. *Weed Sewing Machine Co.* v. *Jeudevine,* 39 Mich. 590.

Judgment reversed, and no new trial granted.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.