Constance BROOKS and Horace Robinson, Jr., Plaintiffs,

v.

Susan RICHARDSON, Brooklyn Home for Children, State of New York, State of California, Small Business Administration, Defendants.

No. 79 Civ. 1896 (JMC).

United States District Court, S. D. New York.

Oct. 16, 1979.

794

Constance E. Brooks and Horace Robinson, Jr., pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City (Gale D. Berg, Deputy Asst. Atty. Gen., New York City, of counsel), for defendant State of New York.

George Deukmejian, Atty. Gen. of the State of California, Sacramento, Cal. (Marvin Goldsmith, Deputy Atty. Gen., Los Angeles, Cal., of counsel), for defendant State of California.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City (Katherine J. Trager, New York City, of counsel), for defendant Small Business Administration.

Shafter & Shafter, New York City (Allan D. Shafter, New York City, of counsel), for defendant Brooklyn Home for Children.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

The motions of defendants Small Business Administration, the State of New York, and the State of California, to dismiss the complaint, are granted. Fed.R.Civ.P. 12(b)(1), (2) and (6).

The motion of defendant Brooklyn Home for Children, to dismiss the complaint, is denied. Fed.R.Civ.P. 12(b)(1) and (6).

### FACTS

Plaintiffs' rather confusing pro se complaint alleges that the defendants or their employees illegally "kidnapped" plaintiffs' children, and thereafter abused and neglected them. The exact factual basis for the above allegations is not specified in the complaint, or in plaintiffs' answer to defendants' motions, which, as plaintiffs requested, will serve as their amended complaint.

The complaint states that on October 18, 1971, plaintiff Brooks gave birth to Dawn Michelle Young ["Dawn"]. From February 1971 to May 1973, Brooks was a resident of Los Angeles, California, where she was employed by an unspecified federal agency. During the course of her employment, she was assigned to perform unspecified duties for the Small Business Administration ["SBA"]. Evidently, at some point, a dispute regarding back pay developed between Brooks and the SBA, which apparently Brooks also seeks to redress in this action.

In May 1973, Brooks was allegedly "ordered to report to" Washington, D.C., by an unspecified government agency. She traveled to New York City with Dawn en route to Washington. On May 6, 1973, in New York City, Dawn was somehow injured and taken to New York Hospital, where she was held in protective custody after a social worker for the Bureau of Child Welfare filed a petition of neglect. The New York Family Court conducted proceedings in May and June of 1973, during the course of which it considered information provided by

certain California welfare officials. At the conclusion of the proceedings, the Family Court ordered Dawn placed in the Brooklyn Home for Children ["BHC"]. Subsequently, at an unspecified date, it placed Michael Brooks, Dawn's sibling, and the son of plaintiff Robinson, in the BHC as well. For a portion of this period, defendant Richardson was Dawn's foster mother. The children's placement was reviewed yearly by the Family Court until they were released to Brooks on May 12, 1978.

The complaint is unclear, but apparently alleges that the above "unlawful placement" of plaintiffs' children amounted to violations of federal kidnapping laws, and further, that the children were sexually abused and neglected during this period. The plaintiffs demand $140,000,000.00 in damages and an order that the defendants be criminally prosecuted. Plaintiffs seek to base jurisdiction upon the presence of a federal question, 28 U.S.C. § 1331(a).

## DISCUSSION

■ Plaintiffs' claims against the States of New York and California apparently stem from their involvement in the New York Family Court proceedings. These claims cannot succeed because the eleventh amendment bars, with exceptions that are not applicable here, federal court suits against states where money damages are sought. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Therefore, the complaint against them must be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

■ Similarly, the Court lacks subject matter jurisdiction for the claims against SBA. The complaint fails to connect the SBA with the injury allegedly suffered by plaintiffs' children. Furthermore, if Brooks seeks relief because of an alleged salary dispute with the SBA, her complaint is insufficient in that it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.

Civ.P. 8(a), and also because it fails to allege the exhaustion of administrative remedies, *see Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974); *Altman v. Connally*, 456 F.2d 1114 (2d Cir. 1972).

■ As to defendant Richardson, since she was never properly served with process, this Court lacks personal jurisdiction. Thus, the claims against her must also be dismissed. Fed.R.Civ.P. 12(b)(2).

Plaintiffs' claims against BHC, however, cannot be so easily dismissed. Plaintiffs allege that BHC played some part in the "unlawful separation" of the plaintiffs from their children, and that thereafter BHC was responsible for the alleged abuse and neglect of the children. BHC is a non-profit corporation which is under contract from the Commissioner of Social Services to place children in certified foster homes. In the present case, the children were placed in the custody of the Commissioner of Social Services and BHC by the New York Family Court after a hearing. As an authorized agency empowered to care for and take custody of children who are wards of the state, BHC was acting under color of state law. 42 U.S.C. § 1983; *see Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir. 1977).

■ Since it appears that plaintiffs were afforded procedural due process in the initial neglect proceedings and the extension of placement hearings, their claims of unlawful separation from the children are without merit. Furthermore, this Court is not the place to seek to initiate criminal prosecutions.

■ Nevertheless, the allegations that the children had been abused and neglected while under the control of BHC are sufficient to state a federal cause of action. A child who is in the custody of the state and placed in foster care has a constitutional right to at least humane custodial care. *Halderman v. Pennhurst State School & Hospital*, 446 F.Supp. 1295, 1320 (E.D.Pa. 1977); *Gary W. v. State of Louisiana*, 437 F.Supp. 1209 (E.D.La.1976); *Child v. Beame*, 412 F.Supp. 593 (S.D.N.Y.1976); *New York Association for Retarded Children, Inc. v. Rockefeller*, 357 F.Supp. 752,

**796**

762 (E.D.N.Y.1973). The New York Family Court sought to protect this interest in proper child care when it removed the children from the plaintiffs' care. It would be ludicrous if the state, through its agents, could perpetrate the same evil the Family Court sought to prevent.

Accordingly, BHC's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) is denied. BHC's motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) is also denied. While this Court would be inclined to grant the latter motion, defendant has not complied with the requirements of Rule 12(e), that the motion "point out the defects complained of *and the details desired.*" Fed.R.Civ.P. 12(e) (emphasis added).

### CONCLUSION

For the above reasons, the complaint is dismissed in its entirety as to defendants Susan Richardson, the Small Business Administration, the State of New York, and the State of California.

Defendant BHC's motion to dismiss is denied. There being no just reason for delay, the Clerk of the Court is directed to prepare and enter judgment dismissing the complaint to all defendants except BHC, which will continue in the action, in accordance with this Memorandum and Order.

SO ORDERED.