38                              10 Mass. App. Ct. 38

National Construction Co., Inc. *v.* National Grange Mutual Ins. Co.

NATIONAL CONSTRUCTION COMPANY, INC. *vs.* NATIONAL
GRANGE MUTUAL INSURANCE COMPANY.

Middlesex.    February 14, 1980. — June 13, 1980.

Present: GREANEY, ROSE, & PERRETTA, JJ.

*Pleading, Civil,* Amendment. *Practice, Civil,* Injunction, Enforcement
of liability on bond. *Bond,* To dissolve attachment.

An injunction issued on the basis of an original complaint was not extin-
guished by the subsequent filing of two amended complaints which
were complete in themselves and without reference to the original
complaint where the amended complaints reasserted the allegations
and requests for relief in the same terms as the original pleading.
[39-41]

A successful plaintiff in an action in the nature of equitable trustee process
was not required to file an independent action to enforce liability on a
surety bond but was permitted by Mass. R. Civ. P. 65.1 to enforce
liability on motion. [41]

BILL IN EQUITY filed in the Superior Court on December
3, 1973.

A motion to enforce liability on a surety bond was heard
by *Vallely,* J.

*David E. Neitlich* for the defendant.

*Wade M. Welch* for the plaintiff.

PERRETTA, J.   In 1973, the plaintiff, National Construc-
tion Co., Inc. (National Construction), brought an action in
the nature of equitable trustee process, otherwise known as
a bill to reach and apply, see G. L. c. 214, § 3(7), as in effect
prior to St. 1973, c. 1114, § 62, alleging that Professional
Technology, Inc. (Professional), owed it money for com-
pleted construction work.   National Construction obtained
a temporary injunction enjoining the trustee-codefendant
Scituate Federal Savings and Loan Association (Scituate

Federal)[1] from distributing to Professional $14,000 which that bank owed Professional. See Reed, Equity Pleading & Practice § 195 (1952). In 1975, upon Professional's motion, a Superior Court judge dissolved the injunction and in its stead accepted a surety bond from National Grange Mutual Insurance Company (National Grange) in the amount of Professional's money which was held by Scituate Federal. In 1978, National Construction obtained a judgment against Professional, and it filed a motion pursuant to Mass.R.Civ.P. 65.1, 365 Mass. 834 (1974), seeking to have National Grange satisfy a portion of the judgment. The motion was allowed, and a final judgment was entered against National Grange. On appeal, National Grange disputes its liability on the bond and alleges that it was improper to enforce its liability on motion rather than by an independent action. We affirm the judgment.

National Grange disputes its liability on its surety bond on the basis of an alleged failure of the consideration for it. It proceeds on the sole theory that when National Construction twice amended its complaint in 1974, it did so by the filing of amended complaints which were complete in themselves and without reference to the original pleading. Consequently, asserts National Grange, the first complaint was withdrawn or eliminated. See *Nisbet* v. *Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955); *Bullen* v. *DeBretteville*, 239 F.2d 824, 833 (9th Cir. 1956). The argument concludes that because the underlying support for the 1973 injunction was eliminated in 1974, and because no new injunctive orders were obtained on each of the amended complaints, there was no obligation to release in consideration of the bond filed in 1975. Cf. *Fidelity Mut. Life Ins. Co.* v. *Johnson*, 152 Mich. 578 (1908); *Hampshire Arms Hotel Co.* v. *St. Paul Mercury & Indem. Co.*, 215 Minn. 60 (1943).

---

[1] The parties named as defendants by National Construction in its complaint are not parties to this appeal, which is from a judgment on National Construction's motion seeking to collect on a bond filed by National Grange Mutual Insurance Company as surety for Professional.

National Grange's argument is dependent on the errone-
ous premise that the filing of an amended complaint auto-
matically extinguishes the original one for all purposes.
Amendments have always been liberally allowed in this
Commonwealth, see *Rafferty* v. *Sancta Maria Hosp.*, 5
Mass. App. Ct. 624, 627 (1977), and cases cited, so long as
the amendment did not set out an entirely new cause of ac-
tion.[2]  See *Gallagher* v. *Wheeler*, 292 Mass. 547, 550-551
(1935); *Ideal Financing Assn.* v. *McPhail*, 320 Mass. 521,
522-523 (1946); *Wadsworth* v. *Boston Gas Co.*, 352 Mass.
86, 88-89 (1967).  As a matter of practice, a change in the
allegations can be made in one of two ways.  The first is by
setting out the desired amended facts with reference to, or
incorporation of, the remaining unaltered allegations.
When this procedure is followed, neither the complaint nor
the amendment is complete in itself, and the two pleadings
must be read together to fully ascertain the cause and scope
of the action.  The second method is by setting out in an
amended complaint the allegations as expanded, altered or
otherwise changed, and reasserting the intact allegations as
originally recited.  Under this procedure the amendment is
complete in itself, and resort to the original pleading is un-
necessary for full comprehension of the action.  The differ-
ence between these procedures is one of style and profession-
al preference.  However, when the second method of
amendment is employed, any matters which are not re-
stated in the amended complaint are deemed waived or
abandoned.  Resort to the original complaint cannot be
made to cure the defective amended complaint.  See *Nisbet*
v. *Van Tuyl*, 224 F.2d at 71; *Davis* v. *Freels*, 583 F.2d 337,
342 (7th Cir. 1978); *Friedman* v. *Transamerica Corp.*, 5
F.R.D. 115, 116 (D. Del. 1946); Annot., 52 A.L.R.2d 516,
524-530, 576-577 (1957).  In the present case, National

---

[2] The adoption of Mass.R.Civ.P. 15, 365 Mass. 761 (1974), removed
even this restriction.  However, neither the restriction nor rule 15 was ap-
plicable in the present case because the amendments did not assert a new
cause of action and because they were filed and allowed prior to the effec-
tive date of rule 15.  See Mass.R.Civ.P. 1A, 365 Mass. 731 (1974).

10 Mass. App. Ct. 38      41

National Construction Co., Inc. *v.* National Grange Mutual Ins. Co.

Construction reasserted in its amended complaints all of its allegations and requests for relief against Scituate Federal in the same terms which it recited in the original pleading. There was no elimination of, or change in, those substantive recitals, and the only question is as to the effect, if any, of the amendments on the outstanding 1973 injunction.

Any request for injunctive relief which National Construction might have sought against Scituate Federal on the amended complaints would have been based upon the identical facts deemed sufficient in 1973. By way of comparison, Smith & Zobel in Rules Practice § 15.11 (1974), state that "[a]n amending claimant must be sure that his amended complaint . . . still states the same claim which supported the court's determination of 'reasonable likelihood.' If the amendment alters the claim, the party must again obtain court approval of the attachment or trustee process, based upon a new determination of 'reasonable likelihood.' "

It serves no purpose to require new interlocutory orders or rulings each time a party amends the pleadings without affecting the basis for those orders or rulings. Such a requirement would erode our policy of favoring the liberal allowance of amendments, and it would create congestion and delay. When an enjoined party believes an amendment affects the basis for the injunction, he or she has merely to seek a dissolution of it on the ground that it is no longer supported by the alleged facts. Professional never did this; its only action was to seek a dissolution of the injunction through the filing of the bond. It properly did so because the claim and injunction against Scituate Federal were very much alive, and we reject National Grange's contention.

National Grange next argues that it should have been allowed to assert its defense, a failure of consideration, in an independent action, with a full trial, rather than on National Construction's motion for payment on the bond. There is nothing in the record which even hints that National Grange ever attempted to assert its defense to the motion or was somehow deprived of the opportunity to do so. The short answer to National Grange's contention is that it is

contrary to the plain language of Mass.R.Civ.P. 65.1, 365 Mass. 834 (1974) ("liability *may* be enforced on motion without the necessity of an independent action"). See *Monroe Div., Litton Business Sys., Inc.* v. *DeBari,* 562 F.2d 30, 32 (10th Cir. 1977). See also 11 Wright & Miller, Federal Practice and Procedure § 2972 (1973). Whatever the requirements may have been prior to the adoption of the Massachusetts Rules of Civil Procedure, cf. *Castaline* v. *Swardlick,* 264 Mass. 481 (1928), they are no longer controlling. The judge did not abuse his discretion by permitting National Construction to proceed by motion. There was a nine-month hiatus between the filing of the motion and its allowance. The certificate of service attached to the motion shows that National Grange was forwarded a copy of it, and National Grange cannot complain of a lack of notice or haste in the proceedings. See Haug, Public Official Bonds — Judgments Against Principal as Binding on Surety, 34 Ins. Counsel J. 573, 577 (1967); Ager, Problem: The Effect on the Surety of a Judgment Against the Principal[;] Solution: The Due Process Clause, 36 Ins. Counsel J. 245, 248-252 (1969).

When National Construction filed its motion to enforce liability on the bond, it also filed an independent action in the event the judge declined to allow it to proceed by motion. National Grange claims that the mere filing of the action estopped National Construction from pursuing its rights by motion. National Grange offers nothing in support of this contention. This bare assertion does not satisfy Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), see *Tobin* v. *Commissioner of Banks,* 377 Mass. 909 (1979), and it is without merit.

The judgment is affirmed, and National Construction is to have double costs of the appeal and interest on the judgment at the rate of 12% per annum from the date of the filing of the notice of appeal. See Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979).

*So ordered.*