PAUL WANG *vs.* JOHN NIAKAROS.

No. 05-P-1591.

Middlesex. May 9, 2006. - August 17, 2006.

Present: ARMSTRONG, C.J., PERRETTA, DREBEN, GREEN, & GRAINGER, JJ.

*Judgment,* Default, Relief from judgment. *Practice, Civil,* Default, Relief from judgment, Service of process. *Jurisdiction,* Personal.

Where the record in a civil action did not demonstrate that the plaintiff complied with the requirements of Mass.R.Civ.P. 4 and 5(a), this court remanded for further proceedings to determine whether the defendant could be held liable for damages claimed in an amended complaint notwithstanding the failure to demonstrate proper service. [169-173]

CIVIL ACTION commenced in the Superior Court Department on December 4, 2003.

A motion for relief from judgment was heard by *Julian T. Houston,* J.

*Matthew L. Lunenfeld* for the defendant.

*David B. Stein* for the plaintiff.

GRAINGER, J. This case presents an appeal from a Superior Court judge's denial of a motion pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), to vacate a default judgment entered against the defendant, John Niakaros. Because the record does not demonstrate that the plaintiff complied with the requirements of Mass.R.Civ.P. 4, as amended, 402 Mass. 1401 (1988), and Mass.R.Civ.P. 5(a), as amended, 387 Mass. 1221 (1983), we reverse and remand for proceedings consistent with this opinion.

*Background.* The parties' dispute arises from a home improvement and remodeling project gone awry. The plaintiff, Paul Wang, and Niakaros entered into two contracts during the summer of 2003, the first to remodel Wang's basement and the second to renovate his driveway. Disputes arose promptly over

the scheduling, scope, and cost of the project(s). The record describes heated exchanges and threats which generated several police reports and led Wang to file a complaint (the original complaint) in December of 2003 seeking a civil restraining order against Niakaros. The Superior Court docket contains two entries of "service returned" relating first to the issuance of a temporary restraining order (TRO) issued ex parte and thereafter to a continuation in force of the TRO after a hearing. While Niakaros does not specifically acknowledge that he was served with the original complaint, he does not contest that he attended a hearing and opposed the request for a restraining order in late 2003.

Also in late 2003, and after the filing of the original complaint, Wang, through his attorney, sent Niakaros a demand letter under G. L. c. 93A. The demand letter asserted actual damages of approximately $30,000 and made the customary references to multiple damages and attorney's fees. Niakaros evidently retained counsel because a response signed by his lawyer was duly generated.[1] The response letter denied liability, alleged acts by Wang that interfered with the performance of the work, asserted that the driveway contract was executed by Niakaros under duress because Wang threatened to withhold sums due for the basement work if Niakaros did not agree to the additional work, and recited other defenses including unclean hands.

In April of 2004, Wang filed an amended complaint and demand for jury trial. The amended complaint, filed as of right because no responsive pleading had yet been filed, repeated the TRO count contained in the original complaint and added two additional counts against Niakaros, one for breach of contract and one pursuant to G. L. c. 93A.[2] Neither the docket nor any other portion of the record appendix contains a return of service,

---

[1]The response, by agreement of counsel, was deemed timely although it arrived approximately three weeks after the expiration of the thirty-day response period provided by the statute. This was allegedly the first of many such requests for additional time, the relevance of which will become increasingly apparent below. See note 7, *infra.*

[2]The amended complaint also added a second defendant, Albert Watson, alleged by Wang to have improperly allowed Niakaros to operate under his, Watson's, contractor's license. Niakaros finds sinister implications in Wang's

or any other indication of service of the amended complaint; the docket entry immediately following the filing of the amended complaint is an order of default under Superior Court Standing Order 1-88 issued four months later in August of 2004. Although this entry contains the notation "cop*ies* mailed" (emphasis supplied), the only addressee appearing on that order of default is Wang's counsel, evidently because neither Niakaros nor counsel on his behalf had filed an appearance. The record appendix contains a second order of default, dated March 3, 2005, which is not entered on the docket, but which is addressed to Niakaros at an address in Winthrop. The docket then reflects that on April 6, 2005, Wang moved for a default judgment pursuant to Mass.R.Civ.P. 55(b), as amended, 423 Mass. 1402 (1996). Wang's motion for a default judgment was accompanied by affidavits and a proposed order of judgment seeking an award slightly in excess of $70,000. The proposed order was approved by the court and judgment issued accordingly, all on April 7, 2005. Again the docket bears the notation, "copies mailed."

More than three months later, on July 20, 2005, Niakaros, now represented by new counsel, filed an "Emergency Motion . . . for Relief From Judgment" pursuant to Mass.R.Civ.P. 60(b). The motion was accompanied by three affidavits, one from Niakaros and two from successor counsel, confirming that they were contacted promptly after the date that Niakaros says he received a copy of the judgment. Niakaros's affidavit, in pertinent part, contains the following representations: (1) Niakaros resided in Winthrop until January of 2005, when he moved to Arlington; (2) Niakaros never received a copy of the amended complaint at his home in Winthrop and did not file an answer "because I did not know of the filing of this complaint"; (3) Niakaros learned about the judgment when he picked up his mail at the Winthrop post office in early July, 2005, an act necessitated by the expiration of his mail forwarding time period; (4) upon learning of the judgment, Niakaros "immediately contacted counsel and now seek[s] to defend this case on its merits"; and (5) Niakaros's former counsel "*may or may not have known of the entry of the default*" (emphasis sup-

---

failure to default his codefendant, Watson, who also failed to respond to the amended complaint. Watson, however, is irrelevant to the issues before us.

plied) and Niakaros has "now learned that [former counsel] needed to take corrective action and apparently failed to do so."

In opposition, Wang filed a document entitled "Plaintiff's Response to Affidavit of the Defendant, John Niakaros." This document, in the form of an answer, recited the single word "Deny" with respect to all thirteen paragraphs of Niakaros's affidavit, including those containing the statements summarized above. It concluded with the statement: "Defendant's claims that he was unaware of the pendency of this matter are perjurious." We note that this document was unsworn, but was signed by counsel and subject to the requirements of Mass. R.Civ.P. 11, 365 Mass. 753 (1974).[3]

On August 16, 2005, the Superior Court judge entered an order denying Niakaros's emergency motion for relief from judgment, and this appeal ensued.

*Discussion.* It is well established as a general matter that denial of a motion under rule 60(b) will be set aside only on a clear showing of an abuse of discretion. *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 227 (1979). However, an important exception exists to the principle that a motion for relief from judgment is addressed to the judge's discretion. If a judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law, the judge must vacate it. See *Harris* v. *Sannella*, 400 Mass. 392, 395 (1987); *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 455 (1991).

Neither the docket nor any other portion of the record reflects service of the amended complaint; additionally, Niakaros's affidavit stated he did not know of the filing of "this complaint."[4] Wang argues that Niakaros's awareness of the original complaint,

---

[3]Niakaros's affidavit and Wang's response raise the question whether Niakaros can properly be charged with the consequences of behavior alleged against his former counsel and summarized in note 7, *infra*, if such behavior is established. Compare *Maki* v. *New York, N.H. & H.R.R.*, 293 Mass. 223, 223 (1936); *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 431 (1979), with *Colley* v. *Benson, Young & Downs Ins. Agency, Inc.*, 42 Mass. App. Ct. 527, 535 (1997); *Ruml* v. *Ruml*, 50 Mass. App. Ct. 500, 506-507 (2000).

[4]Since Niakaros appeared at a hearing after the filing of the original complaint, this phrase necessarily referred to the amended complaint.

and his participation in the lawsuit by opposing the requested restraining order at a hearing in late 2003, cured any subsequent defect associated with service of the amended complaint. Where, as here, an amended complaint asserts new claims against a party who is in default for failure to appear, that argument must fail. Rule 5(a) excuses a party from serving pleadings or other documents "on any party in default for failure to appear except that any pleading asserting new or additional claims for relief against him shall be served upon him in the manner provided for service of summons in [r]ule 4."[5] The procedural scheme set forth in the rules of civil procedure reflects a litigant's right to make decisions based on proper notice. If he chose to do so, Niakaros had every right to determine that he did not wish to continue litigating the imposition of a restraining order or incur further fees, and simply default. That default, absent proper notice of new claims, can be neither extended in time nor expanded in scope to expose him to material financial damages under what was effectively a new lawsuit in the amended complaint.[6] Nor did the exchange of letters under G. L. c. 93A, which admittedly referred to money damages, remedy the lack of service; demand letters are as often the last step in a dispute as they are the first, and a recipient is under no obligation to assume that threats of litigation will be carried out.

Absent a justification for Wang's failure to effect proper service of process of the amended complaint pursuant to rule 4,

---

[5]Notwithstanding his attendance at the hearing to consider Wang's request for a restraining order in late 2003, Niakaros never answered the original complaint or appeared in the suit, thereby falling squarely within the category of a "party in default for failure to appear." See *Varnes* v. *Local 91, Glass Bottle Blowers Assn. of U.S. & Canada,* 674 F.2d 1365, 1368 n.3 (11th Cir. 1982); *Fluor Engrs. & Constructors, Inc.* v. *Southern Pac. Transp. Co.,* 753 F.2d 444, 449 n.7 (5th Cir. 1985); Mass.R.Civ.P. 11(b), 365 Mass. 753 (1974).

[6]When an amended pleading reasserts the allegations of the original, "[r]esort to the original complaint cannot be made to cure the defective amended complaint." *National Constr. Co.* v. *National Grange Mut. Ins. Co.,* 10 Mass. App. Ct. 38, 40 (1980). See *Phillips* v. *Murchison,* 194 F. Supp. 620, 622 (S.D.N.Y. 1961), citing *Nisbet* v. *Van Tuyl,* 224 F.2d 66, 71 (7th Cir. 1955); *Bullen* v. *De Bretteville,* 239 F.2d 824, 833 (9th Cir. 1956), cert. denied, 353 U.S. 947 (1957) (where a subsequent complaint restated the allegations contained in a previous one, "that amended complaint superseded the original complaint").

Niakaros had no obligation to answer the amended complaint, and there was manifestly no basis to enter an order of default or a default judgment. While the pleadings do suggest a justification for noncompliance with rule 4, the record does not contain admissible evidence supporting such a result.

The pleadings below and the briefs on appeal contain numerous assertions that Niakaros's former counsel knew of the amended complaint and engaged in a pattern of delay and evasion.[7] None of these is in the form of affidavits, deposition testimony, or documentary evidence. Depending on the extent to which these or similar charges can be substantiated by admissible evidence, they might form an adequate basis for the judge to find that actual knowledge and continued participation in the litigation by Niakaros excused Wang from specific compliance with rule 4. Decisions under the Federal Rules of Civil Procedure, which we follow "absent compelling reasons to the contrary," *Baghdady* v. *Lubin & Meyer, P.C.*, 55 Mass. App. Ct. 316, 325 (2002), quoting from *Van Christo Advertising, Inc.* v. *M/A-COM/LCS*, 426 Mass. 410, 414 (1998), provide for ignoring "technical deficiencies . . . such as when the defendant has deliberately and unfairly evaded service and it is reasonably certain that defendant has actual notice of the lawsuit." *United States ex rel Combustion Sys. Sales, Inc.* v. *Eastern Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 688 (M.D.N.C. 1986). See *Allen* v. *United States Fid. & Guar. Co.*, 342 F.2d 951, 956-957 (9th Cir. 1965); *Libertad* v. *Welch*, 53 F.3d 428, 440-441 (1st Cir. 1995); *Frank Keevan & Son, Inc.* v. *Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 670-671 (S.D. Fla. 1985). However, in the absence of material and admissible evidence, the due process requirements of adequate notice and opportunity to appear cannot be deemed to have been satisfied without adherence to rule 4.

---

[7]These submissions contain references to serial requests for continuances, a request to remove a default to allow the filing of an answer that was never filed, and the failure of Niakaros's former counsel to appear at conferences rescheduled at his request, all in reference to the amended complaint. We note one supportive but ultimately inconclusive document in the record: a copy of the August, 2004, order of default containing a telecopier transmission line indicating it was sent from the office of Niakaros's former counsel on November 24, 2004.

Although the failure to satisfy due process makes it unnecessary to consider other issues, for purposes of consideration on remand we note the integral relationship between proper service and the court's acquisition of personal jurisdiction over the defendant. If a court's competence to resolve a suit "involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the State, or his voluntary appearance." *Pennoyer* v. *Neff*, 95 U.S. 714, 733 (1877), overruled on other grounds by *Shaffer* v. *Heitner*, 433 U.S. 186 (1977).[8] It is thus well settled that acquisition of personal jurisdiction over a defendant cannot be satisfied without proper service of process or an appropriate substitute. Where, as here, the rules require service on a party in default, this applies not only to the commencement of a lawsuit, but also to the assertion of additional claims that constitute a new lawsuit in all but name. See *Brooks* v. *Richardson*, 478 F. Supp. 793, 795 (S.D.N.Y. 1979) (failure to serve an amended complaint deprived the court of personal jurisdiction over the defendant under Fed.R.Civ.P. 4). See also Wright & Miller, Federal Practice & Procedure § 1146 (2002) (service of an amended complaint on an opposing party's attorney rather than pursuant to Fed.R.Civ.P. 4 also implicates issues of personal jurisdiction).

A determination whether a defendant has waived the defense of personal jurisdiction closely tracks the inquiry required to determine whether noncompliance with rule 4 can be overlooked without violating due process requirements. "The common factors in a waiver of personal jurisdiction are 'dilatoriness and participation in, or encouragement of, judicial proceedings.' " *Lamarche* v. *Lussier*, 65 Mass. App. Ct. 887, 889-890 (2006), quoting from *Precision Etchings & Findings, Inc.* v. *LGP Gem*,

---

[8]In *Shaffer*, the United States Supreme Court rejected the distinction made in *Pennoyer* between different forms of personal jurisdiction for purposes of determining minimum contacts under *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), but preserved, if it did not strengthen, the relationship between proper service and personal jurisdiction. *Shaffer* v. *Heitner*, 433 U.S. at 206-212. See Wright & Miller, Federal Practice & Procedure § 1074, at 358 n.2 (2002) (noting that the Court's decision in *Phillips Petroleum Co.* v. *Shutts*, 472 U.S. 797, 808-812 [1985], which considered notice for purposes of inclusion as a plaintiff in a class action, "also suggests a connection between personal jurisdiction and notice").

*Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992). See *Vangel* v. *Martin*, 45 Mass. App. Ct. 76, 78 (1998) (defendant's nonassertion of the defense of lack of jurisdiction, coupled with her conducting discovery and opposing and filing motions for temporary orders in divorce proceedings, constituted a waiver of the defense); *Sarin* v. *Ochsner*, 48 Mass. App. Ct. 421, 422-423 (2000) (defendants' appearance at hearings and their filing of motions to disqualify counsel and for a stay of discovery amounted to a waiver of the defense of lack of jurisdiction). We note that the descriptions of delay and disruption below engender keen sympathy for the efforts of the judge to conduct business in the face of a seriously uncooperative litigant; nevertheless, the record currently contains no basis on which Niakaros can be defaulted.

*Conclusion.* The order denying Niakaros's emergency motion for relief from judgment is reversed. The case is remanded for further proceedings to determine whether Niakaros can be held liable for damages claimed in the amended complaint notwithstanding the failure to demonstrate proper service. In the event it should be determined that he can be held so liable, the judge's exercise of discretion in deciding Niakaros's rule 60(b) motion should include consideration, "among other relevant circumstances, of at least" each of the factors outlined in *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430-431 (1979).

*So ordered.*