Hadley, J.
The plaintiff filed this action on April 16, 2008, alleging that the defendant sold her Steinway grand piano on consignment, but failed to pay her in full pursuant to their agreement. As the defendant was a resident of the State of New York, the plaintiff, through counsel, attempted to serve the complaint on the defendant pursuant to G.L.c. 223A, §6 (a) (3) by mailing it to him via certified mail, return receipt requested.
The May 16, 2008 entry on the trial court docket for this case states, incorrectly, that a return of service on the complaint and summons, as well as a delivered and signed certified mail return receipt, were filed in the trial court. On May 21,2008, a default was entered against the defendant. A hearing on damages was scheduled for July 1, 2008; and, on that date, the defendant appeared through counsel and moved to set aside the default. The trial court denied the motion on September 11,2008. An assessment of damages hearing was held on January 12, 2009, and the plaintiff was awarded $32,100.00, plus interest, attorney’s fees, and costs. The defendant appealed to this Division.
At issue on this appeal are the requirements of G.L.c. 223A, §4 and Mass. R. Civ. R, Rule 4(e) (3), and the proper use of certified mail to effect service upon an out-of-state defendant.
In this case, plaintiff’s counsel sent the complaint to the defendant by certified mail, return receipt requested. The record on appeal does not indicate when this was done; and, despite the May 16, 2008 docket entry to the contrary, no return receipt signed by the defendant was ever filed in the trial court. The defendant admitted, however, in his July 22,2008 affidavit in support of his motion to set aside the default that he had received the complaint. Specifically, the defendant stated that he received the complaint and summons “many weeks after they were sent when an acquaintance told [him] that there was mail sitting with [his] name on it.” The defendant also stated that the complaint was “left in a general area” of a large apartment building in New York City, where he resides. Finally, the defendant stated that in his dealings with the plaintiff he did not act as an individual, but in his capacity as an employee of a New York Corporation.
The trial judge, after considering the defendant’s affidavit, noted that Rule 4(f) *24 requires the filing of a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court. As the defendant admitted that the complaint had been mailed to him, and that he had at some point actually received it, the trial court was satisfied that the requirements of G.L.c. 223A §4 and Rule 4(f) had been met. The judge also noted that the defendant had not provided documentary evidence beyond his sworn affidavit to establish that he had acted on behalf of a corporation. Consequently, the judge denied the defendant’s motion to set aside the default. A Mass. R. Civ. R, Rule 55(c), motion to remove a default is addressed to the sound discretion of the motion judge. United States Envtl. Rental Corp. v. Lease One Corp., 2005 Mass. App. Div. 149, 150, citing Burger Cheft Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984). The defendant asserts that the denial of his motion to vacate the default was an abuse of discretion.
The defendant argues on this appeal that while the plaintiff demonstrated that service was made, she failed to establish when service was made. He maintains that the judgment against him is, therefore, void and must be vacated as a matter of due process. In support of his position, the defendant relies heavily on Wang v. Niakaros, 67 Mass. App. Ct. 166 (2006). In that case, the plaintiff served an initial complaint, but failed to serve a copy of his amended complaint on the defendant, who had been in default for failing to appear. Id. at 167-168 & 170 n.5. The amended complaint asserted new claims against the defendant. The Appeals Court reversed the trial court’s denial of the defendant’s motion for relief from judgment, ruling that the plaintiff had failed to comply with Rule 4(a), and that there was no basis to enter an order of default. Id. at 170-171.
There were indications in Wang, however, that the defendant was aware of the plaintiff’s amended complaint, even though he was not properly served in the manner prescribed by Rule 4. Although this information was not presented to the trial court in the form of affidavits, deposition testimony, or documentary evidence, the Appeals Court found that if the plaintiff could prove that the defendant or his attorney knew of the amended complaint and engaged in a pattern of delay and evasion, that conduct might excuse the plaintiff from specific compliance with Rule 4. Id at 171. At the same time, the Appeals Court noted that “in the absence of material and admissible evidence, the due process requirements of adequate notice and opportunity to appear cannot be deemed to have been satisfied without adherence to rule 4.” Id Ultimately, the Appeals Court reversed the trial court’s denial of the defendant’s emergency motion for relief from judgment and remanded the case for further proceedings to determine whether the defendant could be held liable for damages claimed in the amended complaint despite the plaintiff’s failure to demonstrate proper service.
As noted above, in this case, the defendant admitted, and the trial court found, that the defendant received a copy of the summons and complaint. Yet other than a vague statement by the defendant in his affidavit that he did not receive the documents “until many weeks after they were sent,” the record contains no information about the date he received the documents. Consequently, there is no way on the present record to determine whether the defendant had an opportunity to appear before he was defaulted, and whether the basic requirements of due process were satisfied.
In light of these circumstances, the defendant urges us to follow the approach *25 taken by the United States Court of Appeals for the First Circuit in Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir. 1991). The issue before the First Circuit was whether actual notice could satisfy Fed. R. Civ. R, Rule 4(c) (2) (C) (ii), without a signed acknowledgment form. The First Circuit held that it could not. Id. at 1233-1234. It reasoned that such an approach was contrary to the plain language of the rule, and invited “burdensome evidentiary hearings on the question whether a summons and complaint were actually received in a timely manner by the proper party.” Id. at 1234. The First Circuit established a bright-line rule that, in the absence of a written acknowledgment by the defendant, service by mail is simply ineffective and the plaintiff must resort to another authorized form of service. Id
The language of Fed. R. Civ. R, Rule 4(c) (2) (C) (ii), allows for such a bright-line rule with no exceptions because the rule specifically requires that if a summons and complaint are served by mail, the sender must file a prescribed acknowledgment form signed by the person being served. If no signed acknowledgment is received by the sender, service must be made in another fashion. In contrast, G.L.c. 223A specifically provides that “[w]hen service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the Court (emphasis added). G.L.c. 223A, §6(b). Further, Mass. R. Civ. R, Rule 4(1), utilizes virtually the same language in this regard. Unlike their Federal counterpart, the Massachusetts statute and Rule 4 clearly do not limit proof of service by mail only to a signed return receipt or acknowledgment. Therefore, the defendant’s reliance on Media Duplication Servs., Ltd. is misplaced.
Pursuant to G.L.c. 223A and Mass. R. Civ. R, Rule 4, where there is no signed return receipt, but there is evidence of personal delivery that is satisfactory to the trial court judge, a default and default judgment may be properly entered. To determine whether a defendant has failed to file an answer within the time allowed under the Massachusetts Rules of Civil Procedure, however, there must be evidence that is satisfactory to the court establishing when the defendant was served. See Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 58 (1984). As noted, the record in this case contains only the defendanfis vague averment that he did not receive the documents “until many weeks after they were sent.” Absent evidence of the date of the defendant’s receipt, a determination of whether the defendant had an opportunity to appear before he was defaulted, and of whether the basic requirements of due process were satisfied, cannot be made.
At the same time, the record indicates that the defendant took steps to vacate the default within a reasonable time after he received notice of the default. See Coady v. Stack, 1995 Mass. App. Div. 135, 138, citing Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 74-75 (1989). Moreover, although the defendant did not provide documentary evidence to support his position, he filed an affidavit setting forth facts that, if proven, could establish a meritorious defense, that is one “worthy of judicial investigation.” Tai v. City of Boston, 45 Mass. App. Ct. 220, 222 (1998); Christmas Crossing, Inc. v. Box Car Willy’s, Inc., 2003 Mass. 182, 183.
Accordingly, the denial of the defendant’s Mass. R. Civ. R, Rule 55(c), motion to set aside the default is reversed, and the default judgment and default are vacated. This case is returned to the trial court for the defendants filing of an answer to the plaintiff’s complaint within twenty days.
*26 So ordered.