NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-458

IRAKLI QIRJAZI

vs.

ENKELEJDA QIRJAZI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Irakli Qirjazi (husband) and Enkelejda Qirjazi (wife) were divorced in 2022.  The husband appeals from the denial of his motion for relief from the divorce judgment and the dismissal of his amended complaint for modification.[1]  We affirm.

Background.  On May 5, 2022, the former spouses represented themselves and entered into a separation agreement in which they agreed not to pursue further discovery and to resolve all financial matters between themselves based on the information they had exchanged.  The separation agreement was incorporated into and made part of the judgement of divorce nisi, which entered on August 22, 2022.

―――――――――――――――

[1] The wife did not file a brief in this appeal.

On November 9, 2022, the husband filed a complaint for modification of the divorce judgment, alleging that the wife had failed to disclose complete and accurate financial statements as required by Rule 410 of the Supplemental Rules of the Probate Court (2012). The husband later amended his complaint, alleging that at the time of the divorce judgment, the wife had not disclosed her Eastern Bank account containing approximately $30,000.

At a pretrial conference on October 19, 2023, the judge observed that what the husband was describing was a request for relief from the divorce judgment, rather than what he had filed -- a request for modification of the divorce judgment. The judge suggested that the husband may want to file a motion for relief from judgment under Mass R. Dom. Rel. P. 60 (b) (rule 60 [b]), and she set the matter down for a further status conference to allow him to do so. The husband filed a "Motion for Relief from Judgment" citing rule 60 (b), mirroring the same allegation in his motion for modification, i.e., that the wife had failed to disclose a bank account in her name prior to the divorce.

The parties returned to court on October 31, 2023, for a further status conference, and the judge asked the husband if he wished to proceed with his motion for relief under rule 60 (b) in lieu of his amended complaint for modification. The husband

2

told the judge that he wanted to continue "with everything." The judge explained to the parties that the motion for relief from judgment would be decided "just on the papers." The judge commented that, while she was not ruling on the husband's amended complaint to modify the divorce judgment, it appeared to be duplicative of the motion for relief from judgment. Finally, the judge informed the parties that they would be notified if an evidentiary hearing was necessary. That same day, the wife filed a handwritten opposition to the husband's rule 60 (b) motion, stating that the bank account in question belonged to their son and not to her. The wife explained that the reason her name appeared on the bank account was that it was opened when their son was a minor.

On December 21, 2023, the husband's rule 60 (b) motion was denied without a hearing. On January 10, 2024, a judge conducted an administrative review of the docket and dismissed the husband's amended complaint for modification of the divorce judgment without prejudice, noting that it was duplicative of the rule 60 (b) motion, which had been denied.[2] This appeal followed.

---

[2] To the extent the husband appeals this decision, he continues to allege no change in circumstances, and consequently, his argument does not rise to the level of appellate argument. See Cameron v. Carelli, 39 Mass. App. Ct. 81, 85 (1995). A party seeking to modify a divorce judgment must file a complaint for modification based on a material and

Discussion.  "It is well established as a general matter that denial of a motion under rule 60 (b) will be set aside only on a clear showing of an abuse of discretion."  Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006).  A judge's discretionary decision should be affirmed unless the judge "made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (citation omitted).  Dacey v. Burgess, 491 Mass. 311, 317 (2023).  Accord L.L. v. Commonwealth, 470 169, 185 n.27 (2014).

The husband claims that the bank account information was newly discovered evidence and that the judge erred by failing to "fix the nature and value" of the undisclosed property.  The husband confuses the factors a judge takes into consideration when determining alimony with the standard for determining a motion under rule 60 (b).  To prevail on a motion under rule 60 (b) on a claim of newly discovered evidence, the husband must establish the following:  "(1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of

substantial change in circumstances that has occurred since the entry of the original judgment or a prior modification.  See Loebel v. Loebel, 77 Mass. App. Ct. 740, 749-750 (2010).

4

such a nature that it would probably change the result were a new trial to be granted." Cahaly v. Benister Prop. Exch. Trust Co., 451 Mass. 343, 361 (2008). See Sahin v. Sahin, 435 Mass. 396, 398 n.4 (2001) (proper to apply standards applicable to Mass. R. Civ. P. 60 to motions under Mass. R. Dom. Rel. P. 60; text of two rules is identical).

The husband's appellate argument mainly centers on the judge's alleged failure to reallocate marital assets under G. L. c. 208, § 34, a question which is not before us. The former couple's marital assets were allocated as the parties agreed in the separation agreement, which was incorporated into and made part of the 2022 divorce judgment. To the extent the husband makes an argument that the judge abused her discretion in denying the rule 60 (b) motion, he simply asserts that the wife admitted the existence of the bank account. Standing alone, this is insufficient to establish an abuse of discretion. The husband does not address why he could not have discovered the existence of the bank account through due diligence before the divorce judgment was entered. He also fails to address why, given the undisputed statement by the wife that her name was associated with the bank account only because it was opened when their son was a minor, its existence would have changed the result of the divorce judgment.

Finally, we note that the husband's contention that the judge erred by denying him an evidentiary hearing is unavailing, as it was entirely within the judge's discretion whether to hold an evidentiary hearing on a rule 60 (b) motion after reviewing the papers.  See Knott v. Racicot, 442 Mass. 314, 326 (2004) (no requirement to hold hearing for rule 60 [b] motion to further probe claims).  Accordingly, the husband's motion for relief from the divorce judgment was appropriately denied.

> Order denying motion for relief from divorce judgment affirmed.
>
> Judgment of dismissal on amended complaint for modification affirmed.
>
> By the Court (Ditkoff, Hand & Walsh, JJ.[3]),

*Paul Little*

Clerk

Entered:  April 16, 2025.

---

[3] The panelists are listed in order of seniority.