NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-675

JOHN J. JORDAN & another[1]

vs.

CEA GROUP, INC., & others;[2] PRELLWITZ CHILINSKI ASSOCIATES, INC., third-party defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendants CEA Group, Inc., and CEA SouthCoast LLC (collectively, CEA) appeal from a separate and final judgment of the Superior Court dismissing their third-party complaint alleging breach of contract and indemnity claims against third-party defendant Prellwitz Chilinski Associates, Inc. (PCA).  See Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).  We affirm.

Background.  In 2018, plaintiff John J. Jordan, while making a retail delivery, fell from a loading dock on a property

_____

[1] Bridget Jordan.  Neither plaintiff is a party to this appeal.

[2] CEA SouthCoast LLC; Callahan, Inc.; and Prellwitz Chilinski Associates, Inc.

owned by CEA.  He alleged that the dock did not comply with various industry standards and requirements, including those set out by the Occupational Safety and Health Association.

In December 2019, approximately three weeks after filing his initial complaint against CEA, Jordan amended the complaint to include additional claims asserting building code violations against CEA.  CEA answered the first amended complaint and asserted third-party claims against Callahan, Inc. (Callahan), which provided construction services for the loading dock,[3] and PCA, which issued an "Architect's Project Compliance Certificate" certifying the loading dock.  CEA's third-party claims against PCA were for breach of contract, indemnification, and contribution.  In August 2020, the plaintiffs were allowed to amend their complaint a second time (second amended complaint) to include PCA as a direct defendant.  CEA answered the second amended complaint and filed a cross claim against PCA, reasserting the contribution claim.  CEA's cross claim did not include the breach of contract and indemnification claims.

In March 2025, PCA and the plaintiffs filed a joint petition for approval of a settlement of all the plaintiffs' claims against PCA.  As part of the petition, PCA moved to dismiss CEA's third-party complaint and cross claim, arguing

---

[3] The claims involving Callahan did not reach a final judgment as of the time of this appeal and are not before us.

that the breach of contract and indemnity claims were abandoned by CEA, and the contribution claim was extinguished by the settlement with the original plaintiffs. A judge granted the petition in full. CEA now appeals from the judgment dismissing its third-party claims for breach of contract and indemnity.[4]

Discussion. CEA contends that the judge erred by dismissing its third-party claims against PCA for breach of contract and indemnity because its answer to the plaintiffs' second amended complaint and cross claim did not supersede its earlier answer and third-party complaint. We disagree.

When the plaintiffs filed their second amended complaint, CEA was required to reassert the claims contained in its third-party complaint to preserve them. Mass. R. Civ. P. 14 (a), as amended, 385 Mass. 1216 (1982), which permits third-party complaints, provides that "a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him" (emphasis added). Gabbidon v. King, 414 Mass. 685, 686 (1993), quoting Mass. R. Civ. P. 14 (a). This rule is intended to be used when third-party defendants may have derivative or secondary liability based on

---

[4] CEA does not dispute that the contribution claim was extinguished as a matter of law when PCA settled with the plaintiffs, nor does it dispute that the settlement was made in good faith.

3

the plaintiff's claim against the original defendant.  See Gabbidon, supra at 686-687.  Here, the derivative nature of CEA's claims is evident in the demand made in each count of its third-party complaint against CEA for "any damages, losses, expenses . . . and liabilities arising out of the claims asserted by the Plaintiffs."  The third-party complaint attached the first amended complaint as an exhibit and referred to it throughout.

The plaintiffs' second amended complaint was complete without reference to the first amended complaint.  As a result, the second amended complaint superseded the first amended complaint.  See National Constr. Co. v. National Grange Mut. Ins. Co., 10 Mass. App. Ct. 38, 40 (1980).  Because CEA's third-party complaint was derivative of the first amended complaint, it did not remain operative once that complaint was superseded by the second amended complaint.  Just as CEA was required to answer the second amended complaint and reassert defenses, see Kniskern v. Melkonian, 68 Mass. App. Ct. 461, 463 (2007) (default judgment against party who failed to answer amended complaint), it also was required to reassert any third-party claims.  Furthermore, by filing its own successive pleading in response to the second amended complaint, CEA superseded its earlier pleading.  See Wang v. Niakaros, 67 Mass. App. Ct. 166, 170 n.6 (2006).  By failing to include them in its answer to the

4

plaintiffs' second amended complaint and cross claim against PCA, CEA waived or abandoned its breach of contract and indemnity claims.  See National Constr. Co., supra at 40. Because CEA does not contest that the remaining contribution claim was properly discharged with the settlement, the judge correctly dismissed CEA's claims against PCA.[5]

> Judgment dismissing third-party complaint, entered March 24, 2025, affirmed.
>
> By the Court (Meade, Massing & Brennan, JJ.[6]),

*Paul Little*

Clerk

Entered:  April 2, 2026.

---

[5] CEA's arguments that the judge's order to dismiss was error because it violated Mass. R. Civ. P. 41, 365 Mass. 803 (1974), and that PCA was estopped from arguing CEA waived its third-party claims were not raised in the trial court and thus are waived.  See Weiler v. PortfolioScope, Inc., 469 Mass. 75, 86 (2014) (argument raised for first time on appeal deemed waived).  CEA's contention that it should be granted leave to amend its answer to the second amended complaint in conjunction with a remand of the matter to the Superior Court is moot, because the judgment is affirmed.  To the extent that CEA argues the trial judge should have granted leave to amend, this argument is waived because it was not raised below.  See id.

[6] The panelists are listed in order of seniority.